Filed 6/27/14  Jarlos v. Talens CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **KATHERINE LOUISE ENRIQUEZ JARLOS,** | |
| | **A140418** |
| **Respondent,** | |
| | **(San Mateo County** |
| **v.** | **Super. Ct. No. FAM0122258)** |
| **CARLO PANGILINAN TALENS,** | |
| **Appellant.** | |
| _____/ | |

The trial court issued a one-year restraining order protecting Katherine Louise Enriquez Jarlos from Carlo Pangilinan Talens pursuant to the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.).  Talens appeals, claiming insufficient evidence supports the order.[1]  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

"We summarize the facts in the light most favorable to the judgment."  (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1405.)

---

[1]    All further statutory references are to the Family Code.  Jarlos did not file a respondent's brief.  "[W]e do *not* treat the failure to file a respondent's brief as a 'default' but examine the record, [and Talens's] brief . . . to see if it supports any claims of error made by [Talens]."  (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1; see also Cal. Rules of Court, rule 8.220(a)(2).)  As the appellant, Talens "has the burden of demonstrating error" even if Jarlos does not file a brief.  (*Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 227.)

1

In late July 2013, Jarlos applied for a domestic violence restraining order (DV-100) seeking protection from Talens.  In her application and supporting declaration, Jarlos stated she began dating Talens in 2011 and lived with him from December 2012 to April 2013, when she ended the relationship.[2]  Jarlos averred Talens: (1) sent her emails blaming her for their break up; (2) hacked into her email account; (3) "emotionally manipula[ted]" her; (4) showed her his gun; (5) threatened to kill her and her family; and (6) in July 2013, "called, left voicemails, or messages almost every day even though [she] told him [she did not] want contact."  Talens showed "aggression, possessiveness, hostility, and violence" throughout their relationship.  Jarlos characterized her relationship with Talens as "a cycle of romance and physical abuse" and stated Talens put her in a "headlock and dragged [her] into [her] room," and "jumped [her] on several different occasions."  During some verbal altercations, Talens yelled, broke things, and threatened to kill Jarlos or himself.  Jarlos stated she was "afraid to go outside on [her] own" because Talens "might be following" her.  The court issued a temporary restraining order (DV-110).

In a lengthy response (DV-120), Talens denied the allegations in Jarlos's application and attached correspondence between the parties in Tagalog.  At a hearing, Jarlos testified the information in her application and supporting declaration was true and correct.  She described an altercation with Talens where he cursed at her, "didn't stop yelling[,]" and then pinned her "on the floor and . . . was on [her] forehead."  Talens testified.  He conceded he had "verbal arguments" with Jarlos where they "yell[ed] at each other" but claimed he did "not harm her in any way."  Talens said he had a "perfect" relationship with Jarlos until her family "brainwashed" her and tried to convince her to break up with him.

---

[2]  The application attached emails from Talens to Jarlos in Tagalog and a May 2013 police report describing an incident where Talens tried to force his way into Jarlos's house, and was eventually arrested after refusing to comply with police officers' demands and fighting with them.  The court did not admit the police report into evidence at the hearing.

At the conclusion of the hearing, the court found "good cause" and issued a one-year restraining order (DV-130) protecting Jarlos from Talens and, among other things, requiring him to stay 100 yards away from her, and her home, job, and car. The court told Talens, "[s]he doesn't want to fix your relationship. [¶] . . . she doesn't want to have contact with you any longer." The court denied Talens's motion for reconsideration and he timely appealed.

DISCUSSION

We review the issuance of a restraining order pursuant to the DVPA for abuse of discretion. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420 (*Gonzalez*).) The DVPA authorizes the trial court to issue a restraining order "for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved, if an affidavit . . . shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300; *Gonzalez, supra,* 156 Cal.App.4th at p. 421.)

"For purposes of the DVPA, 'abuse' is defined as intentionally or recklessly causing or attempting to cause bodily injury, . . . or placing a person in 'reasonable apprehension of imminent serious bodily injury.' [Citations.]" (*Gonzalez, supra,* 156 Cal.App.4th at p. 421, quoting § 6203.) Section 6320 authorizes the court to "issue an ex parte order enjoining a party from . . . attacking, striking, stalking, threatening, . . . harassing, telephoning, . . . contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party, . . . ." (§ 6320; *Gonzalez, supra,* 156 Cal.App.4th at p. 421.)

The court did not abuse its discretion by issuing the restraining order pursuant to the DVPA. Jarlos presented substantial evidence Talens placed her in "reasonable apprehension of imminent serious bodily injury" (§ 6203, subd. (c)) when he "put her in a headlock and dragged [her] into [her] room[,]" pinned her on the floor, and "jumped [her] on several different occasions." Jarlos also presented substantial evidence Talens harassed her by, among other things, accessing her email account, repeatedly calling her against her wishes, and threatening to kill her. (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1144.)

3

Talens's conduct falls within the scope of the DVPA, which provides expansive protection against myriad forms of domestic violence, both physical and nonphysical. (§§ 6203, subd. (d), 6211, 6320; *In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1498-1499.)  Talens's contention that the evidence was insufficient to support a restraining order under the DVPA merely restates his own interpretation of the evidence, which the court reasonably rejected.

## DISPOSITION

The August 28, 2013 restraining order (DV-130) issued pursuant to the Domestic Violence Prevention Act, Family Code section 6200 et seq., is affirmed.  In the interests of justice, each party is to bear his or her own costs.  (Cal. Rules of Court, rule 8.278(a)(5).)


_____

Jones, P.J.



We concur:


_____

Simons, J.


_____

Bruiniers, J.